60. As described more fully in paragraphs 27 through 51 above, through all of the actions of the Defendants alleged herein, they have abridged MFS' right to petition the government for redress of grievances by, <u>inter alia</u>:

(A) adopting, implementing and continuing a policy or custom to prohibit or hinder MFS from petitioning state government and elected officials for redress of grievances as guaranteed by the United States Constitution; and

(B) adopting, implementing and continuing a policy or custom to retaliate against MFS based upon its exercise of its right to petition the government for redress of grievances as guaranteed by the United States Constitution.

61. It is believed and therefore averred that the pattern of wrongful conduct of the Defendants, alleged in paragraphs 27 through 51 above, is and has been motivated or substantially caused by MFS' exercise and intent to exercise in the future the rights secured to it under the First and Fourteenth Amendments to the Constitution of the United States.

62. As described herein, MFS' actions, including its comments at meetings, written requests to the Defendants, and petitioning of state governmental officials and elected officials for redress of grievances, constituted constitutionally protected activity which are so well established that any responsible public employee in the position of the Defendants would know or reasonably should have known to be constitutionally protected.

63. The actions of the Defendants, as described in this Complaint, have caused MFS to suffer past and on-going deprivations of its constitutional rights, as well as economic damages and losses.

64. The actions of the Defendants, as described in this Complaint, would likely chill or deter a person of ordinary firmness from exercising, continuing to exercise or attempting to exercise such constitutionally protected rights.

65. In all of these actions described in this Complaint, it is believed and therefore averred that the Defendants have acted with animus, ill will, evil motive and/or with reckless or callous indifference to the constitutionally-protected rights of MFS.

66. The deprivation of MFS' constitutional rights and the retaliation against MFS for exercising or attempting to exercise its constitutional rights, as alleged herein, constitute violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983.

WHEREFORE, MFS respectfully requests that judgment be entered in its favor against all Defendants in contravention of 42 U.S.C. §1983, and that MFS be awarded damages against the Defendants, jointly and severally, in an amount in excess of $8 million, plus punitive damages, the award of attorneys' fees pursuant to 42 U.S.C. §1988, and such other relief as this Court deems just.

## COUNT II
## VIOLATION OF DUE PROCESS
## AND EQUAL PROTECTION RIGHTS

67. For the second cause of action herein, MFS incorporates the allegations of paragraphs 1 through 51 above, and alleges further that:

68. Section 1983 of the Civil Rights Act of 1964, as amended, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

69. Pursuant to the Fourteenth Amendment to the United States Constitution, a person's life, liberty, or property shall not be deprived without due process of law. Also pursuant to the Fourteenth Amendment to the United States Constitution, enforcement of the law may not be done selectively and a person may not be treated differently from others similarly situated.

70. The excessive and unreasonable pattern of wrongful conduct engaged in by the Defendants, as alleged in paragraphs 27 through 51 above, was part of an on-going campaign of harassment and intimidation by the Defendants to deprive MFS of its property and liberty interests without due process of law, as guaranteed by the Constitution and laws of the United States of America. Specifically, the property and liberty interests of MFS that have been violated by the Defendants include MFS' right to be free to pursue an occupation without undue governmental interference and MFS' right to use its property for that purpose. The pattern of wrongful conduct alleged in paragraphs 27 through 51 above, removed or significantly altered MFS' liberty and property interest in the Mineral Wool Plant by, inter alia, preventing MFS from resuming operations at the Mineral Wool Plant and preventing MFS, in the alternative, from selling the Mineral Wool Plant as an operating concern to a third party.

71. The excessive and unreasonable pattern of wrongful conduct engaged in by the Defendants, as alleged in paragraphs 27 through 51 above, was intentionally directed towards MFS to punish MFS by depriving MFS of its protected liberty and property interests described above without the due process of law.

72. In addition, the excessive and unreasonable conduct engaged in by the Defendants, as alleged in paragraphs 27 through 51 above, was directed toward MFS for the purpose of depriving MFS of its rights as guaranteed under the Fourteenth Amendment to the

United States Constitution to be afforded Equal Protection of the laws. Specifically, the Fourteenth Amendment to the United States Constitution guarantees MFS the right to not have the law enforced in a selective fashion against it, and its right to not have the law enforced in a selective fashion against it in retaliation for exercising other rights protected by the United States Constitution. The selective action to which MFS has been subjected by the Defendants, as described in paragraphs 27 to 51 above, violates MFS' right to Equal Protection of the laws since its objective is a forbidden one, namely, interference with MFS' Constitutional rights to pursue an occupation without undue governmental interference and to use its property in furtherance of that pursuit.

73. The constitutional and civil rights of the Plaintiff which have been violated by the Defendants are well established, and any responsible public employee would know or reasonably should have known of the existence of such rights and that such rights are protected by the Constitution and laws of the United States of America.

74. The actions of the Defendants, as described in this Complaint, have caused MFS to suffer past and on-going deprivations of its constitutional and civil rights, as well as economic damages and losses.

75. The deprivation of MFS' constitutional rights as alleged herein, constitute violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1983.

WHEREFORE, MFS respectfully requests that judgment be entered in its favor against all Defendants in contravention of 42 U.S.C. §1983, and that MFS be award damages against the Defendants, jointly and severally, in an amount in excess of $8 million, plus punitive damages, the award of attorneys' fees pursuant to 42 U.S.C. §1988, and such other relief as this Court deems just.

## COUNT III
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE CONTRACTUAL
## RELATIONS OR PROSPECTIVE ADVANTAGE

76. For the third cause of action herein, MFS incorporates the allegations of paragraphs 1 through 51 above, and alleges further that:

77. As averred in paragraph 39 of this Complaint, in or about September or October 2007, MFS entered into negotiations with a prospective purchaser of the Mineral Wool Plant. Also as averred in paragraphs 40 through 42 and paragraphs 44, 46 and 48 of this Complaint, MFS had notified the Defendants of: (i) the existence of these negotiations; (ii) the fact that time was of the essence with respect to these negotiations; and (iii) that the pattern of wrongful conduct of the Defendants was interfering with those negotiations and the ability of MFS generally to sell the Mineral Wool Plant as an operating concern.

78. As averred in paragraphs 27 through 51 above, the Defendants were also aware that, alternatively, MFS itself intended to resume operations at the Mineral Wool Plant. Also as averred in paragraphs 27 through 51, the Defendants were aware that, in order for MFS to resume operations at the Mineral Wool Plant, MFS would have to establish new or re-establish prior contractual relationships with, <u>inter alia</u>, suppliers of raw materials such as blast furnace slag. In addition, the Defendants knew that MFS would also have to establish new or re-establish prior contractual relationships with customers of its products.

79. Through their improper, illegal and unconstitutional actions, the Defendants intentionally interfered with MFS' prospective contractual relationships and dealings, including but not limited to the prospective contractual relationship with a third party purchaser of the Mineral Wool Plant as an operating concern. The Defendants further prevented MFS itself from resuming operations at the Mineral Wool Plant and, thereby, prevented both a resumption of

32

MFS' prior contractual relationships with suppliers and customers and its prospective contractual relationships with new suppliers and new customers. It is believed and therefore averred that the actions and omissions described in this Complaint were taken by the Defendants with the specific intent of harming MFS.

80. The Defendants' actions were committed at a time when the Defendants were aware of MFS' intent to sell the Mineral Wool Plant as an operating concern and/or to resume operations itself under prior and new contractual relationships with third parties. It is believed and therefore averred that the Defendants acted at all times relevant with the specific intent to harm MFS, by preventing MFS from selling the Mineral Wool Plant as an operating concern or from resuming operations itself at the Mineral Wool Plant.

81. It is believed and therefore averred that there was a reasonable likelihood that the prospective contractual relations would have been established and/or re-established but for the pattern of wrongful conduct engaged in by the Defendants as alleged in this Complaint.

82. During the time that the Defendants engaged in their pattern of wrongful conduct alleged in this Complaint, the Defendants were not privileged or justified in interfering with MFS or with MFS' prospective contractual relations or advantage.

83. MFS has suffered significant damages as a result of the Defendants' intentional interference as described herein.

WHEREFORE, MFS respectfully requests that judgment be entered in its favor against all Defendants in contravention of its rights under the common law of Pennsylvania, and that MFS be awarded damages against the Defendants, jointly and severally, in an amount in excess of $8 million, plus punitive damages and such further relief as this Court may deem just.

## **REQUEST FOR JURY TRIAL**

The Plaintiff, MFS, Inc., respectfully requests a trial by jury.

                         <u>WCS2543</u>
                         Wayne C. Stansfield
                         Attorney I.D. No. 81339
                         REED SMITH LLP
                         2500 One Liberty Place
                         1650 Market Street
                         Philadelphia, Pennsylvania 19103
                         215-851-8100
                         215-851-1420 (fax)
                         wstansfield@reedsmith.com

                         Thomas J. Zagami**
                         THOMAS J. ZAGAMI, P.A.
                         Suite 650
                         10500 Little Patuxent Parkway
                         Columbia, Maryland  21044
                         (410) 339-6741
                         (410) 832-5647 (fax)
                         tzagami@HPKLegal.com

                         Attorneys for Plaintiff
                         **Pro hac vice motion being filed forthwith