```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MFS, INC.,                    :    CIVIL ACTION
                              :
         Plaintiff            :
                              :
         v.                   :
                              :
THOMAS A. DILAZARO.,          :
                              :
         Defendants           :    NO.  08-2508
```

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL**

1. Admitted.

2. This paragraph contains conclusions of law which requires no response.

3. This paragraph contains conclusions of law which requires no response.

4. This paragraph is a jurisdictional statement which requires no response.

5. Admitted.

6. Admitted.

7. Admitted except it is denied that since his retirement, Dilazaro has continued communication after his retirement to provide assistance and information to the other defendants regarding the Mineral Wool Plant.

8. Admitted.

9. Admitted.

10. Admitted.

11.  Admitted.

12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 12 of Plaintiff's complaint.

13.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of Plaintiff's complaint.

14.  Admitted.

15.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 15 of Plaintiff's complaint.

16.  Admitted.

17.  Admitted.

18.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 18 of Plaintiff's complaint.

19.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 18 of Plaintiff's complaint.

20.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 20 of Plaintiff's complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 21 of Plaintiff's complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 22 of Plaintiff's complaint.

23. Admitted.

24. Admitted that MFS sent a letter to Dilazaro containing the allegations contained in paragraph 24 of the complaint and request for jury trial.

25. Admitted.

26. Admitted except that Dilazaro and Robbins were not aware as to when MFS intended to resume operations.

27. This paragraph contains plaintiff's belief as to the alleged conduct of the defendants which beliefs are misguided and unsupported with any factual basis. Any factual allegations contained therein are denied. All conclusions of law contained therein require no response.

28. This paragraph contains plaintiff's belief as to the alleged conduct of the defendants which beliefs are misguided and unsupported with any factual basis. Any factual allegations contained therein are denied. All conclusions of law contained therein require no response.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 29 of Plaintiff's complaint.

30. This paragraph contains plaintiff's belief as to the alleged conduct of the defendants which beliefs are misguided and unsupported with any factual basis. Any factual allegations contained therein are denied. All conclusions of law contained therein require no response.

30A. Admitted except plaintiff admitted that is caused the malodor and was going to take measures to resolve the problem.

30B. Admitted.

30C. Admitted except the NOV had no connection to the MFS petitioning officials at PA DEP and elected officials in Pennsylvania.

30D(i)(ii). These paragraphs contain conclusions of law which require no response.

30E. Admitted.

30F. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 30F of Plaintiff's complaint.

30G. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 30G of Plaintiff's complaint.

4

31. Admitted that Robbins, on behalf of PA DEP, filed objections to proposed consent decree between EPA and MFS. All remaining factual allegations are denied.

32. This paragraph contains plaintiff's belief as to the alleged conduct of the defendants which beliefs are misguided and unsupported with any factual basis. Any factual allegations contained therein are denied. All conclusions of law require no response.

33. This paragraph contains plaintiff's belief as to the alleged conduct of the defendants which beliefs are misguided and unsupported with any factual basis. Any factual allegations contained therein are denied. All conclusions of law require no response.

34. Admitted except that the objections were withdrawn at the request of EPA.

35. Admitted.

36. Admitted.

37. Admitted in part. Denied in part. It is admitted that MFS was advised that Dilazaro retired and all communication should be sent directly to Robbins. All remaining factual allegations are denied. All conclusions of law contained therein require no response.

38. Admitted Robbins informed MFS that PA DEP still considered the MACT compliance test issue to be unresolved and

the malodor issue to be unresolved. All remaining factual allegations are denied.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 39 of Plaintiff's complaint.

40. Admitted that a meeting occurred on October 3, 2007 with Robbins, Wejkszner and others at PA DEP Office of Chief Counsel in Wilkes-Barre, PA. All remaining factual allegations are denied.

41. Admitted that Robbins suggested that MFS resume its operation under permit shield and MFS did not consider it a realistic business operation. All remaining allegations are denied.

42. Denied as stated.

43. Admitted that MFS contacted the Office of the Secretary of PA DEP, Kathleen McGinty, to request a meeting with her. All remaining factual allegations are denied.

44. Admitted that a meeting was held on December 17, 2007 at the Office of Secretary McGinty in Harrisburg as requested by MFS and that McGinty, Robbins, Bedrin and others on behalf of the PA DEP were present. All remaining factual allegations are denied.

45. Admitted that on or about January 18, 2008, Robbins forwarded to MFS a draft of conditional Title V Operating Permit for the Mineral Wool Plant. All remaining factual allegations are denied.

46. Admitted.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 47 of Plaintiff's complaint.

48. Admitted.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 49 of Plaintiff's complaint.

50. This paragraph contains conclusions of law which require no response. Any factual allegations contained therein are denied.

51. This paragraph contains conclusions of law which require no response. Any factual allegations contained therein are denied.

52. No response required.

53. This paragraph contains conclusions of law which requires no response.

54. This paragraph contains conclusions of law which requires no response.

55. This paragraph contains conclusions of law which requires no response.

56. Denied as stated.

56A. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56a of Plaintiff's complaint.

56B. Admitted.

56C. Admitted.

56D. Admitted that MFS completed the form. All remaining factual allegations are denied.

56E. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56e of Plaintiff's complaint.

56F. Admitted that on or about February 5, 2003, DiLarazo caused a second NOV for alleged malodor to be issued to MFS that was written by Becky Easley. All remaining factual allegations are denied.

56G. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56g of Plaintiff's complaint.

56H. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56h of Plaintiff's complaint.

56I. Admitted that on or about February 7, 2003, representatives of MFS met with representatives of PA DEP in the Bethlehem District Office. All remaining factual allegations are denied.

56J. Admitted.

56K. Admitted.

56L. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56L of Plaintiff's complaint.

56M. Admitted.

56N. Admitted.

56O. Admitted.

56P. Admitted.

56Q. Admitted that on or about May 21, 2003, DiLazaro attended a public meeting in an adjacent township. All remaining factual allegations are denied.

56R. Admitted that Dilazaro gave a public presentation. All remaining factual allegations are denied.

56S. Admitted.

57. This paragraph contains plaintiff's belief as to the alleged conduct of the defendants which beliefs are misguided and unsupported with any factual basis. Any factual allegations contained therein are denied. All conclusions of law require no response.

58. This paragraph contains conclusions of law which requires no response.

59A-B. This paragraph contains conclusions of law which requires no response.

60A-B. This paragraph contains conclusions of law which requires no response.

61. This paragraph contains conclusions of law which requires no response.

62. This paragraph contains conclusions of law which requires no response.

63. This paragraph contains conclusions of law which requires no response.

64. This paragraph contains conclusions of law which requires no response.

65. This paragraph contains conclusions of law which requires no response.

66. This paragraph contains conclusions of law which requires no response.

67. No response required.

68. This paragraph contains conclusions of law which requires no response.

69. This paragraph contains conclusions of law which requires no response.

70. This paragraph contains conclusions of law which requires no response.

71. This paragraph contains conclusions of law which requires no response.

72. This paragraph contains conclusions of law which requires no response.

73. This paragraph contains conclusions of law which requires no response.

74. This paragraph contains conclusions of law which requires no response.

75. This paragraph contains conclusions of law which requires no response.

76. No response required.

77. This paragraph contains conclusions of law which requires no response.

78. This paragraph contains conclusions of law which requires no response.

79. This paragraph contains conclusions of law which requires no response.

80. This paragraph contains conclusions of law which requires no response.

81. This paragraph contains conclusions of law which requires no response.

82.  This paragraph contains conclusions of law which requires no response.

83.  This paragraph contains conclusions of law which requires no response.

**AFFIRMATIVE DEFENSES**

1.  Defendants are entitled to qualified immunity on Plaintiff's constitutional claims.

2.  Defendants are entitled to sovereign immunity on Plaintiff's state law claims.

    THOMAS W. CORBETT, JR.
    ATTORNEY GENERAL

BY: /s/Randall J. Henzes
    Randall J. Henzes
    Deputy Attorney General
    Attorney I.D. No. 53256

    Susan J. Forney
    Chief Deputy Attorney General
    Litigation Section

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone:((215)560-2136
Fax:   (215)560-1031

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MFS, INC.,                   :    CIVIL ACTION
                             :
        Plaintiff            :
                             :
        vi.                  :
                             :
THOMAS A. DILAZARO.,         :
                             :
        Defendants           :    NO. 08-2508
```

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy Attorney General, hereby certify that Defendants' Answer with Affirmative Defenses to Plaintiff's Complaint and Request for Jury Trial was filed electronically on July 16, 2008 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served by electronic means to:

tzagami@HPKLegal.com
wstansfield@reedsmith.com

```
                        THOMAS W. CORBETT, JR.
                        ATTORNEY GENERAL


                 BY:    s/Randall J. Henzes
                        Randall J. Henzes
                        Deputy Attorney General
                        Identification No. 53256
```