IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MFS, INC., | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-2508 |
| v. | : | |
| THOMAS A. DILAZARO, et al., | : | |
| Defendants. | : | |

<u>**OPINION AND ORDER**</u>

**Slomsky, J.**                                                                                             **August 3, 2009**

      This Action arises from a claim that Defendants, Thomas Dilazaro, Sean Robbins, Mark Wejkszner and Michael Bedrin, officials of the Pennsylvania Department of Environmental Protection, colluded with one another to prevent Plaintiff from obtaining a Title V permit which is necessary for Plaintiff to continue operations of its steel wool plant. Plaintiff further claims Defendants engaged in other conduct that disrupted Plaintiff's business and interfered with its business relationships, such as making public statements blaming Plaintiff for high malodor levels in the Bethlehem, PA. area. Plaintiff brings action against Defendants in their individual capacity for retaliation under 42 U.S.C. § 1983 (Count I), violation of substantive due process and equal protection rights (Count II) and intentional interference with prospective contractual relationships (Count III).

      Defendants have filed a Motion for Summary Judgment on the grounds that: (1) the statute of limitations has run on Plaintiff's claims; (2) Plaintiff failed to exhaust its administrative remedies prior to filing suit; (3) Plaintiff fails to allege a violation of its substantive due process rights; (4) Plaintiff fails to allege a violation of its equal protection rights and (5) they are covered by sovereign

1

and qualified immunity. For the reasons stated below, the Court will deny the Defendants' Motion for Summary Judgment.

Summary Judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact such that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court's task at the summary judgment stage is not to weigh evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Liberty Lobby, 477 U.S. at 247-249.

Defendants raise several arguments in support of their Motion for Summary Judgment. First, Defendants assert that Plaintiff's action is barred by the applicable statute of limitations.[1] The Court will not grant summary judgment on this ground. Pennsylvania law follows the "discovery rule" which permits the statue of limitations to be tolled until Plaintiff knew, or through the exercise of reasonable diligence, should have known that he has been injured and that his injury was caused by

---

[1]. In their Answer to the initial Complaint, Defendants asserted only qualified and sovereign immunity as affirmative defenses. Because the statute of limitations was not raised as a defense in a timely fashion, Plaintiff argues that Defendants have waived their right to assert this defense. Pondexter v. HUD, 2009 U.S. App. LEXIS 9378, at *5 (3d Cir. Apr. 29, 2009). In their reply, Defendants ask the Court for permission to amend their Answer pursuant to Federal Rule of Civil Procedure 15(a)(2) to include the defense of the statute of limitations. While the Defendants have not filed a separate motion for permission to amend their Answer, the Court will grant the request because it is in the interest of justice to efficiently expedite this case. See Rule of Civil Procedure 15(a)(2) ("The court should give leave [to amend] when justice so requires.")

another's conduct.  See Haines v. Jones, 830 A.2d 579, 585 (Pa. Super. Ct. 2003).  The point at which the complaining party became aware of the injury suffered is a factual issue "best determined by the collective judgment, wisdom and experience of jurors."  Wilson v. El-Daief, 964 A.2d 354, 364 (Pa. 2009).  In addition, Plaintiff argues that equitable tolling is applicable here and that this doctrine, under the facts presented, would extend the statute of limitations.  Plaintiff has presented genuine issues of material fact as to when the alleged violations were discovered, the frequency of violations from 2003 to 2008 and conduct by Defendants which would warrant application of the equitable tolling doctrine.

Second, Defendants claim that Plaintiff did not exhaust all available remedies before pursuing this legal action because it had not filed a grievance with the Environmental Hearing Board ("EHB").  35 PA. STAT. ANN. §7514 of the Environmental Hearing Board Act requires the EHB to hold hearings regarding orders, permits, licenses, or other decisions by the Department of Environmental Protection.  Here, however, because Defendants have not denied Plaintiff's permit renewal but have instead withheld it as "pending," there has been no "decision" by the Department. There is a genuine issue of material fact as to whether Defendants may be responsible for thwarting Plaintiff from adequately exhausting its remedies prior to filing this suit.  See Larson v. State Emples. Ret. Sys. ("SERS"), 553 F. Supp. 2d 403 (M.D. Pa. 2008) (allowing plaintiff to bring course of action against the agency without exhausting his legal remedies because decision process was unreasonably delayed).  Accordingly, summary judgment is not proper on these grounds.

Third, Defendants argue that Plaintiff has not provided any material facts in the case to show a violation of substantive or procedural due process.  In order to meet the standard for establishing a violation of substantive due process rights, Plaintiff must present evidence of state action that

"shocks the conscience." Sanford v. Stiles, 456 F.3d 298, 306 (3d Cir. 2006); see also Ryan v. Lower Merion Twp., 205 F. Supp. 2d 434 (E.D. Pa. 2002) (finding that actions of township officials in arbitrarily delaying decision and ultimately denying application for taproom permit could satisfy "shock the conscience" standard). Here, Plaintiff sets forth disputed evidence that Defendants have deliberately extended the decision process for Plaintiff's Title V permit far beyond normal agency practice and therefore acted in a manner that prevented Plaintiff from conducting business at its steel wool plant. There is a genuine issue of material fact as to whether this and other conduct "shocks the conscience" in violation of substantive due process rights.[2]

Fourth, Defendants contend that Plaintiff has not established a suitable equal protection claim. To succeed in a "class of one" equal protection claim, Plaintiff must demonstrate that: (1) Defendant treated him differently from others similarly situated; (2) Defendants did so intentionally; and (3) there was no reasonable basis for the difference in treatment. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006); see also Ryan, 205 F. Supp. 2d at 442 (denying summary judgment on equal protection claim because disputed material facts existed as to whether plaintiff was reviewed under different standards than other similarly suited businesses). Here, Plaintiff has presented evidence that other companies in the same vicinity as Plaintiff's factory have emitted equal if not greater amounts of malodor from their factories than the malodor emitted from Plaintiff's factory. Despite the emissions of pollutants by other factories, Defendants have allegedly accused

---

[2] Moreover, Plaintiff has provided sufficient evidence to show a genuine issue of material fact in regard to its procedural due process claim. Plaintiff has shown that its protected property and liberty interests may have been adversely affected by Defendants without due process of the law. Accordingly, a jury must decide the factual issues in regard to the procedural due process claim as well.

only Plaintiff of being responsible for the high malodor levels in the area. Plaintiff also presented evidence that Defendants intentionally treated Plaintiff differently in other respects without any rational basis for this disparate treatment. The equal protection claim must also be resolved by a jury.

Fifth, Defendants argue that they are protected from suit under both sovereign immunity and qualified immunity. Defendants contest that they were operating within their official capacity as government employees and thus are entitled to sovereign immunity. See 1 PA. CONS. STAT. ANN. §2310, (protecting government officials and employees acting within the scope of their employment); see also Christy v. Pennsylvania Turnpike Comm'n., 54 F.3d 1140, 1144 (3d Cir. 1995) (party asserting sovereign immunity bears burden of proving entitlement to defense). Sovereign immunity is only available to the states, their agencies and individual employees acting in their official capacity within the scope of their employment. Dennison v. Pa. Dept. of Corrections, 268 F. Supp. 2d 387, 405 (M.D. Pa. 2003). Sovereign immunity is not available to individual state employees sued in their individual capacity when they are acting outside the scope of their employment. Id. Plaintiff has presented evidence that Defendants' actions exceeded the scope of their employment as enumerated under Pennsylvania case law. See Aliota v. Graham, 984 F.2d 1350, 1358 (3rd Cir. 1993).[3] Accordingly, a jury trial is required as to Count III claiming intentional inference with business relationships.

---

[3] Pennsylvania courts have adopted the Restatement (Second) of Agency § 228 test to determine whether any employee was acting within the scope of his or her employment at the time of the allege incident. The Restatement asserts: Conduct of an employee is within the scope of employment only if: (1) it is of the kind that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is calculated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, it is not unexpected by the employer. Restatement (Second) of Agency § 228.

Defendants also argue that suit against them is barred by the doctrine of qualified immunity. See Burch v. Billingtier, 2003 U.S. Dist. LEXIS 4975, *2 (E.D. Pa. Mar. 12, 2003) (allowing government officials and employees to utilize qualified immunity when facing charges that may defeat sovereign immunity). Qualified immunity is also inappropriate at this stage of the proceeding because, as discussed above, there are genuine material facts in dispute as to whether a constitutional violation has occurred and whether that violation was clearly established. See Pearson v. Callahan, 129 S. Ct. 808, 815 (2009).

Consequently, Plaintiff has raised genuine issues of material fact in this case which require that the Motion for Summary Judgment be denied. An appropriate order follows.