```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

     MFS, INC.,                    :      CIVIL ACTION
                                   :
                Plaintiff          :
                                   :
                v.                 :
                                   :
     THOMAS A. DILAZARO, et al.,   :
                                   :
                Defendants         :      NO.  08-2508
```

**DEFENDANTS' PRETRIAL MEMORANDUM**

**I.   JURISDICTIONAL STATEMENT OF THE CASE**

Plaintiff MFS, Inc., ("MFS"), a Pennsylvania Corporation, filed this action against Thomas DiLazaro, former Air Quality Program for the Northeast Regional Office of the Pennsylvania Department of Environmental Resources; Mark Wejkszner, the current Air Quality Program for the Northeast Regional Office of the Pennsylvania Department of Environmental Protection; Michael Bedrin, the Regional Director of the Northeast Regional Office of the Pennsylvania Department of Environmental Resources and Sean Robbins, an Assistant Counsel to the Northeast Regional Office of the Pennsylvania Department of Environmental Resources. MFS claims these individuals violated its constitutional rights when it was not issued a Title V permit in a manner it wanted. MSF claims the failure of these individuals to issue the permit violated its First Amendment right to petition the government for redress of grievances and to

complain to appropriate authorities about violations of its constitutional and civil rights (Count I), its right to Due Process and Equal Protection under the 14th Amendment (Count II) and Intentional Interference with Prospective Contractual Relations and Prospective Advantage ("Count III"). MFS seeks redress pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

**II.   STATEMENT OF THE FACTS**

MFS owns and operated a mineral wood product plant in the City of Bethlehem, Pennsylvania. MFS is subject to National Emission Standards for Hazardous Air Pollutants ("NESHAP") for mineral wood manufactures modified at 40 C.F.R. Part 63, Subpart DDD, specifically §§ 63. 1175-63.1196.  MFS was to demonstrate compliance with the Mineral Wool NESHAP by June 2, 2002.   On July 31, 2001, MFS wrote to the United States Environmental Protection Agency ("EPA") requesting an alternative standard under the Mineral Wool NESHAP for its mineral wood plant.

On November 8, 2001, Becky E. Easley, Air Quality Specialist for the Pennsylvania Department of Environmental Protection ("DEP") issued a Notice of Violation to MFS alleging that a malodor was coming from the MFS facility and leaving the property. Emissions of malodorous air containments outside of the property of the person on whose land the source is being

operated is in violation of 25 Pa Code 123.21(b) and also violation of the Title V permit. On November 16, 2001, MFS responded to the Notice admitting that it was the cause of the malodor and it was going to take measures to correct the problem.

On February 25, 2002, Ronald Mordosky, District Supervisor for the Air Quality Program for the Northeast Regional Office ("NERO") of DEP informed MFS, in writing, that its odor control plan had not been effective in addressing MFS' malodor problem and DEP continued to receive malodor complaints from residents near the MFS facility.

On January 24, 2003, Thomas DiLazaro, DEP's Air Quality Program Manager for NERO, issued MFS a Field Enforcement Order which required MFS to take immediate measures to control malodors at its facility. The Order required MFS to complete and submit to DEP by January 27, 2003 a Request for Determination for a plan approval/operating permit for an after burner system at the MFS facility. MFS complied with the Order. On or about February 24, 2003, MFS filed a Notice of Appeal of the Field Enforcement Order to the Commonwealth of Pennsylvania Environmental Hearing Board[1].

---

[1] 35 P.S. § 7514(c) allows a person to appeal an action of the Department that adversely affects that person.

In April of 2003, MFS filed an application for the Renewal of its Title V permit. MFS' permit expired in October of 2003.

On April 9, 2003, EPA informed MFS that it would not honor its request for an alternate standard under the Mineral Wool NESHAP.  On April 15, 2003, Mordosky issued MFS a Notice of Violation for MFS' failure to conduct performance testing and demonstrate compliance with the Mineral Wool NESHAP.

On May 15, 2003, Chinu Patel, a Permit Reviewer for DEP's NERO, wrote to James Hauff, General Manager of MFS advising that DEP received MFS' Title V application and was conducting a Completeness Review of the Title V permit and would determine if it is complete within 60 days of receipt. The letter advised that an application is complete if it contains sufficient information to begin processing the application, has the applicable sections completed and has been signed by the responsible official. The letter further advised Hauff that due to the number of applications received at this time, some Title V applications may not be acted upon from three years after the are received by the Department.

On June 19, 2003, Patel wrote to Hauff informing him that EP reviewed MFS's application for a Title V permit and deemed it

4

timely and "complete".[2] The letter authorized MFS to continue to operate the facility pending the issuance of a facility operating permit provided: all fees have been paid: all sources are in compliance with the Air Pollution control Act, the Clean Air Act and all applicable regulations, or are on a department approved compliance schedule; and, the conditions of all outstanding permits are met.

On January 23, 2004, MFS submitted a plan approval application to address the malodor issue and to address the Mineral Wool NESHAP issues. On February 6, 2004, DiLazaro withdrew the Field Enforcement Order that was issued in January of 2003.

On December 20, 2005, EPA, through the United States of America, instituted an enforcement action against MFS in the United States District Court for the Eastern District of Pennsylvania under Case No. 05-6656. The United States alleged that MFS violated the Mineral Wood NESHAP.

On January 11, 2006, DiLazaro advised MFS that DEP reviewed MFS' Title V application and that the application had several deficiencies. The deficiencies were MFS' failure to demonstrate compliance with the emission limits specified in the Mineral Wool NESHAP; MFS' failure to install monitoring systems and

---

[2] "Complete" means that the application contains sufficient information to begin a technical review of the application. Ex. 1, p. 56.

conduct required performance testing at the outlet of the cupolas as required by the Mineral Wool NESHAP; MFS' failure to install, adjust and continually operate a bag leak detection system for each fabric filter as required Mineral Wool NESHAP; MFS' failure to submit an operations, maintenance and monitoring plan as required by the Mineral Wool NESHAP and MFS' failure to submit reports, including a performance test report; startup, shutdown and malfunction plans and reports; an operations, maintenance and monitoring plan and necessary semiannual reports as required by the Mineral Wool NESHAP[3]. The letter specifically advised MFS that its lack of compliance with the Mineral Wool NESHAP is a basis for not renewing the Title V permit. The letter also informed MFS that DEP confirmed odor problems and malodors from the MFS facility on fifteen (15) different occasions from November of 2001 to March of 2004 and informed MFS that causing air pollution in this fashion is grounds for not renewing the Title V permit. The letter advised MFS that if should have any questions regarding the deficiencies to contact DiLazaro to either discuss the concerns or schedule a meeting. The meeting must be scheduled within the 30 day period allotted for your reply. The letter allowed MFS to submit further information or to decline to submit further information and have

---

[3] These deficiencies were also the basis for the enforcement action that EPA filed against MFS. Ex. 1, pp. 59, 63, 64.

6

the DEP make a decision on the permit application on the information already provided. Lastly, the letter informed MFS that if it failed to respond within 30 days of receipt of this letter, the application would be denied.

On February 9, 2006, MFS, through Hauff, responded to DEP's letter of January 11, 2006. In the letter, MFS asked DEP to consider issuing MFS an operating permit that included a compliance schedule.

On February 17, 2006, MFS voluntarily shut down the operation of its Bethlehem facility.

On August 10, 2006, MFS supplemented its response of February 9, 2006, by informing DiLazaro that MFS negotiated an agreement in principle with EPA to resolve the pending litigation involving MFS' failure to comply with the Mineral Wool NESHAP.

On February 9, 2007, MFS signed a Consent Decree to resolve the litigation filed against it by EPA over the Mineral Wool NESHAP issues.

On April 24, 2007, Robbins, on behalf of DEP, wrote to EPA expressing concerns regarding the terms of the Consent Decree between MFS and EPA. In the letter, Robbins again reiterated that MFS' failure to compile with Mineral Wood NESHAP as a basis for denying the permit.  Likewise, Robbins identified the malodors as another potential concern preventing the issuance of

the Title V permit. The Consent Decree was entered as a final order on August 13, 2007.

On August 28, 2007, MFS, through Thomas Zagami, its counsel, supplemented MFS' responses to DEP, submitted on February 9, 2006 and August 10, 2006 to the Title V renewal application. Zagami informed DiLazaro the Consent Decree was entered on August 13, 2007, which would allow MFS to implement an agreed upon test method to demonstrate compliance with the Mineral Wood NESHAP. Zagami requested that MFS' Title V permit be reissued promptly.

On September 14, 2007, MFS, through Zagami, sent a letter to DiLazaro requesting a meeting with DEP to address the Title V permit. On September 27, 2007, Robbins wrote to Zagami informing him that DiLazaro retired and was no longer with the Department. In the letter, Robbins advised Zagami that DEP still had concerns that MFS had not demonstrated compliance with the Mineral Wool NESHAP and that MFS had not instituted any controls or process changes to control malodorous emissions from the facility. Robbins offered Zagami 5 dates to meet with DEP to discuss the issues regarding the Title V permit.

On October 3, 2007, Robbins and Wejkszner and other employees of DEP met with attorneys for MFS, Paul Bruder and Thomas Zagami. During the meeting, Zagami informed Robbins and Wejkszner that MFS was having trouble selling the plant or

resuming operations because it did not have a renewed Title V permit. Robbins suggested to Bruder and Zagami that MFS operated under the "permit shield" while the permit issues were being resolved. The "permit shield" allowed MFS to operate under the expired permit as long as it had applied for a new one in a timely manner. MFS could operate under the "permit shield" until DEP issues a new permit or DEP orders MFS to shut down. Robbins informed Zagami and Bruder that the DEP appreciated MFS' concerns and that they were going to look at them in relation to DEP's concerns.

    On October 18, 2007, Zagami wrote Robbins requesting MFS' Title V permit. On October 24, 2007, Robbins responded to Zagami's October 18, 2007 letter reiterating DEP's concerns regarding the Mineral Wool NESHAP issues and the malodor issue. Robbins again informed Zagami that MFS may operate its facility under the "permit shield".

    In December 2007, MFS contacted Kathleen McGinty, Secretary for DEP, to request a meeting with her to discuss MFS' Title V permit. Plaintiff's Compl. On December 17, 2007, Zagami, Bruder, Bedrin and Robbins met with Secretary McGinty.

    After this meeting, Zagami, Bruder, Bedrin and Robbins met in a separate room. The meeting ended with Bedrin and Robbins agreeing to issue MFS a draft of the Title V permit within two

to three weeks. On January 18, 2008, DEP sent MFS a draft of the Title V permit for MFS' comments.

On January 30, 2008, Zagami wrote to Robbins informing him that MFS did not find the permit acceptable. MFS objected to the provisions in the draft permit relating to the Mineral Wool NESHAP issues and to the malodor issue. MFS believed those provisions were unreasonable and possibly unlawful.

On February 11, 2008, Robbins acknowledged receipt of Zagami's letter dated January 30, 2008. Robbins asked Zagami to propose any changes.

On February 14, 2008, Zagami wrote Secretary McGinty asking she intercede to have DEP issue the permit under conditions acceptable to MFS. On February 25, 2008, Robbins responded to Zagami's letter to Secretary McGinty and to Zagami's letter to him dated January 30, 2008. Robbins again expressed DEP's concerns regarding MFS' failure to comply with the Mineral Wool NESHAP and the potential malodor problem at the MFS facility. Robbins informed Zagami that the DEP had a duty and the authority to require MFS to comply with those provisions prior to DEP issuing the Title V permit.

On March 10, 2008, Zagami responded to Robbins' letter of February 25, 2008. In the letter, Zagami provided MFS' position regarding the Mineral Wool NESHAP provisions and malodor provision in the draft Title V permit. On April 22, 2008,

Robbins responded to Zagami's letter of March 10, 2008. In the letter, Robbins informs Zagami that DEP is willing to remove the malodor condition from the permit. Robbins also provided an alternate language regarding the Mineral Wool NESHAP issues.

On April 25, 2008, Zagami responded to Robbins' letter of April 22, 2008. On May 13, 2008, Robbins attempted to contact Zagami by telephone to discuss the Title V permit issues. Zagami was not available. Thereafter, on May 27, 2008, Robbins sent Zagami a letter outlining the new proposed language that would be placed in the Title V permit regarding the Mineral Wool NESHAP issue. On that same day, MFS filed this instant action against Bedrin, DiLazaro, Robbins and Wejkszner.

### III. LIST OF WITNESSES

    **A.    Liability**

    1.   Thomas A. DiLazaro, Bethlehem, Pennsylvania.

Mr. DiLazaro will testify as to his involvement with MFS in his capacity as the Air Program Manager for the Pennsylvania Department of Environment Protection ("PDEP") for the Northeast Regional Office ("NERO").

    2.   Sean Robbins, Wilkes Barre Pennsylvania.

Mr. Robbins will testify as to his involvement with MFS in his capacity as Assistant Chief Counsel for the Governor's Office of Chief Counsel assigned to PDEP NERO.

    3.   Mark Wejkszner, Wilkes Barre, Pennsylvania

Mr. Wejkszner will testify as to his involvement in his capacity as an employee of PDEP NERO.

4. Michael Bedrin, Wilkes Barre, Pennsylvania

Mr. Bedrin will testify as to his involvement with MFS in his capacity as the Regional Director for the PDEP NERO.

5. Thomas J. Zagami, Esquire, Maryland

Mr. Zagami will testify as to the authenticity and accuracy of correspondences and emails he sent to the Defendants in his capacity as counsel to MFS and in his capacity of Special Projects for MFS.

6. Jack Calahan, Lower Saucon Township, Pennsylvania.

Mr. Calahan will testify as to complaints that Lower Saucon Township made to PDEP regarding the odors that were coming from the MFS facility. Mr. Calahan will also testify to the authenticity of a letter he sent to Secretary McGinty on behalf of Lower Saucon Township complaining about the odors coming from the MFS facility.

**IV.  LIST OF EXHIBITS**

D-1 Field Enforcement Order dated January 24, 2003.

D-2 Letter from Thomas J. Zagami, Esquire, counsel for MFS, Inc., dated January 27, 2003 to Thomas A. DiLazaro enclosing the Request for Determination for plant approval operating permit.

D-3 Request for Determination of requirement for plant approval operating permit.

D-4 Notice of Appeal filed by MFS, Inc., to the Environment Hearing Board dated

D-5 Notice of Violation dated April 15, 2003 to MFS, Inc., by Ronald D. Mordosky.

D-6 Letter dated April 29, 2003 from Thomas J. Zagami, Esquire, special projects, MFS, Inc. to Thomas A. DiLazaro.

D-7 Letter dated May 15, 2003 from Thomas J. Zagami, Esquire, special projects, MFS, Inc. to Thomas A. DiLazaro.

D-8 Letter dated May 27, 2003 from Thomas J. Zagami, Esquire, special projects, MFS, Inc. to Thomas A. DiLazaro.

D-9 Letter dated June 24, 2003 from Thomas A. DiLazaro to Thomas J. Zagami, Esquire, counsel for MFS, Inc.

D-10 Letter dated July 29, 2003 from Thomas J. Zagami, Esquire, special projects, MFS Inc., to T. J. Rooney, Pennsylvania House of Representatives.

D-11 Letter dated October 14, 2003 from Thomas J. Zagami, Esquire, special projects, MFS, Inc. to Thomas A. DiLazaro.

D-12 Letter dated October 15, 2003 from Thomas J. Zagami, Esquire, special projects, MFS, Inc. to Thomas A. DiLazaro.

D-13 Letter dated February 3, 2004 from Thomas A. DiLazaro to Jack Calahan, Township Manager, Lower Saucon Township.

D-14 Letter dated February 5, 2004 from Thomas A. DiLazaro to Citizens' Advisory Council.

D-15 Letter dated February 5, 2004 from Thomas A. DiLarazo to Senator Lisa Boscola.

D-16 Letter dated February 5, 2004 from Thomas A. DiLarazo to Representative Robert L. Freeman.

D-17 Letter dated February 5, 2004 from Thomas A. DiLarazo to Patrick M. Browne.

D-18 Letter dated February 12, 2004 from Thomas A. DiLazaro to John Raeside.

D-19 is a Letter dated January 27, 2004 from Jack Calahan, Township Manager, Lower Saucon Township to Kathleen A McGinty, Secretary, Pennsylvania Department of Environment Protection.

D-20 Memorandum dated February 3, 2004 from Ronald D. Mordosky to Jack Calahan, Township Manager, Lower Saucon Township.

D-21 Notice of Violation dated February 24, 2004 from Ronald D. Mordosky to MFS, Inc.

D-22 Letter dated August 30, 2005 from Thomas J. Zagami, Esquire, counsel for MFS, Inc., to Christopher Day, Assistant U.S. Attorney.

D-23 Letter dated September 20, 2005 from counsel Thomas J. Zagami, Esquire for MFS, Inc., to Christopher Day, Assistant U.S. Attorney.

D-24 Letter dated January 11, 2006 from Thomas A. DiLazaro to MFS, Inc., Attn: James Hauff.

D-25 Letter dated February 9, 2006 from James Hauff to Thomas DiLazaro.

D-26 Letter dated August 10, 2006 from James Hauff to Thomas DiLazaro.

D-27 Memorandum from Beckley Easley to Thomas DiLazaro dated September 7, 2006.

D-28 Letter dated March 26, 2007 from Sean Robbins to Thomas J. Zagami, Esquire, counsel for MFS.

D-29 Letter dated April 24, 2007 from Sean Robbins to the Special Assistant U.S. Attorney for the U.S. Department of Justice, Christopher Day, regarding the proposed Consent Decree between MFS and EPA.

D-30 Letter dated August 28, 2007 from Thomas J. Zagami, Esquire, counsel for MFS to Thomas A. DiLazaro, DEP Regional Air Quality Program Manager.

D-31 Letter dated September 14, 2007, from Thomas J. Zagami, Esquire, counsel for MFS sent to Thomas A. DiLazaro.

D-32 Letter dated September 27, 2007 from Sean Robbins to Thomas J. Zagami, Esquire, counsel for MFS.

D-33 Letter dated October 18, 2007, from Thomas J. Zagami, Esquire, counsel for MFS to Sean Robbins.

D-34 Letter dated October 24, 2007 from Sean Robbins to Thomas J. Zagami, Esquire, counsel for MFS.

D-35 Letter dated January 30, 2008, from Thomas J. Zagami, Esquire, counsel for MFS to Sean Robbins.

D-36 Letter dated February 11, 2008 from Sean Robbins to Thomas J. Zagami, Esquire, counsel for MFS.

D-37 Letter dated February 14, 2007 from Thomas J. Zagami, Esquire, counsel for MFS to Sean Robbins.

D-38 Letter dated February 25, 2008 from Sean Robbins to Thomas J. Zagami, Esquire, counsel for MFS.

D-39 Letter dated March 10, 2008, from Thomas J. Zagami, Esquire, counsel for MFS to Sean Robbins.

D-40 Letter dated April 22, 2008 from Sean Robbins to Thomas J. Zagami, Esquire, counsel for MFS.

D-41 Letter dated April 25, 2008 to Thomas J. Zagami, Esquire, counsel for MFS to Sean Robbins.

D-42 Letter dated May 29, 2008 from Sean Robbins sent to Thomas J. Zagami, Esquire, counsel for MFS.

D-43 Complaint in United States of America v. MFS, No. 05-6656 (E.D. Pa).

D-44 Letter dated July 17, 2007 from Sean Robbins to the Special Assistant U.S. Attorney for the U.S. Department of Justice, Christopher Day, regarding the proposed Consent Decree between MFS and EPA.

D-45 Pages 1, 16, 20, 21, 22, of the Proposed Title V Permit dated January 18, 2009.

**V.   DAMAGES**

   N/A

**VI.  ESTIMATED TIME FOR TRIAL**

   Four days including jury selection

**VII. SPECIAL COMMENTS**

   Defendants listed as a witness Plaintiff's counsel Thomas Zagami, Esquire. Through discovery it has been learned Mr. Zagami sent letters to some of the defendants in his capacity as special projects for MFS. It is the defendants understanding that those documents will be admitted into evidence without the need for authentication by Mr. Zagami. It this is the case, there will be no need to have Mr. Zagami testify at the trial.

```
                    THOMAS W. CORBETT, JR.
                    ATTORNEY GENERAL

               BY:  s/Randall J. Henzes
                    Randall J. Henzes
                    Deputy Attorney General
                    Identification No. 53256

                    Susan J. Forney
                    Chief Deputy Attorney General
                    Chief, Litigation Section
```

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Tel:  (215) 560-2136
Fax:  (215) 560-1031

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MFS, INC.,                          :       CIVIL ACTION
                                    :
            Plaintiff               :
                                    :
            v.                      :
                                    :
THOMAS A. DILAZARO, et al.,         :
                                    :
            Defendants              :       NO. 08-2508
```

### CERTIFICATE OF SERVICE

I, Randall J. Henzes, Deputy Attorney General, hereby certify that Defendants' Pretrial Memorandum was filed electronically on September 1, 2009, and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served on September 1, 2009, by electronic means to:

tzagami@HPKLegal.com

```
                              THOMAS W. CORBETT, JR.
                              ATTORNEY GENERAL

                        BY:   s/Randall J. Henzes
                              Randall J. Henzes
                              Deputy Attorney General
                              Identification No. 53256
```